UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CAPRENTERS RELIEF AND CHARITY FUND,
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, AND NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

                Petitioners,

       - against -

VISCAL CONTRACTING SERVICES CORP.,

             Respondent.

22-cv-4935 (JGK)

MEMORANDUM OPINION AND
ORDER

---

JOHN G. KOELTL, District Judge:

The Trustees of the New York City District Council of
Carpenters Pension Fund, Welfare Fund, Annuity Fund, and
Apprenticeship, Journeyman Retraining, Educational and Industry
Fund (the "ERISA Funds"); Trustees of the New York City
Carpenters Relief and Charity Fund (the "Charity Fund");
Carpenter Contractor Alliance of Metropolitan New York (the
"Carpenter Contractor Alliance") (together with the ERISA Funds
and the Charity Fund, the "Funds"); and New York City District
Council of Carpenters (the "Union") (together with the Funds,
the "Petitioners"), have filed a petition to confirm an
arbitration award (the "Petition" or "Pet."), ECF No. 1, that

was issued pursuant to Section 301 of the Labor Management
Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185 et
seq. The arbitration award was issued by arbitrator J.J. Pierson
on April 8, 2022 and was rendered pursuant to a collective
bargaining agreement involving the Union and the respondent,
Viscal Contracting Services Corp. The respondent has not opposed
the Petition. For the reasons explained below, the petition to
confirm the arbitration award is **granted.**

I.

The following uncontested facts are taken from the Petition
and documents submitted in support of the Petition.

The Trustees of the ERISA Funds are employer and employee
trustees of multiemployer labor management trust funds organized
and operated in accordance with the Employee Retirement Income
Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et
seq. Pet. ¶ 4. The Trustees of the Charity Fund are trustees of
a charitable organization established under Section 501(c)(3) of
the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Pet. ¶ 5. The
Carpenter Contractor Alliance is a New York not-for-profit
corporation. Id. ¶ 6. The Union is a labor union that represents
employees in an industry affecting commerce within the meaning
of Section 501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 7. The Union
is the certified bargaining representative for certain employees
of the respondent. Id. The respondent is a domestic business

2

corporation incorporated under the laws of New York and was, at all relevant times, an employer within the meaning of Section (3)5 of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 8.

On or about August 31, 2020, the respondent became a member of the Building Contractors Association (the "BCA"). Id. ¶ 9. As a member of the BCA, the respondent became bound to the collective bargaining agreement (the "CBA"), Pet., Ex. B, ECF No. 1-2, between the BCA and the Union. Pet. ¶ 10. The CBA binds the respondent to the policies, rules, regulations, and instruments governing the Funds, id. ¶ 13, including a Revised Statement of Policy for Collection of Employer Contributions ("Collection Policy"), Pet., Ex. G, ECF No. 1-7. Pet. ¶ 14.

The CBA requires the respondent to remit contributions to the Funds for every hour the respondent's employees work within the Union's trade and geographical jurisdiction. Id. ¶ 12; CBA at Art. XVII, § 1. The CBA also requires the respondent to submit its books and records to audits requested by the Funds to ensure that the respondent is making all required benefit contributions to the Funds. Pet. ¶ 16; CBA at Art. XVII, § 1. Pursuant to the Collection Policy, if an employer refuses to comply with an audit, the Funds may follow procedures to

calculate an estimated delinquency based on the employer's contribution history. Pet. ¶ 17; Collection Policy, § IV(12).

The policies and instruments governing the Funds provide for disputes to be resolved by arbitration. Pet. ¶ 15. Pursuant to the CBA and the Collection Policy, if the Funds are required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds are entitled to collect, in addition to the delinquent contributions, (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages of 20% of the unpaid contributions; and (3) reasonable costs and attorney's fees the Funds incurred in collecting the delinquencies. Id. ¶ 18; see also CBA at Art. XVII, § 6; Collection Policy § V.

A dispute arose between the parties when the respondent failed to make its books and records available for an audit for the period covering September 16, 2020 through the then-present date. Pet. ¶¶ 20-21. After the respondent refused to submit to an audit, the Funds conducted an estimated audit pursuant to the Collection Policy. Id. ¶ 22. The estimated audit revealed that the respondent failed to remit contributions to the Funds in the principal amount of $809,409.09. Id. The Petitioners then initiated an arbitration pursuant to the documents and instruments governing the Funds. Id. ¶ 23.

After a hearing, in an opinion dated April 8, 2022, the
arbitrator determined that the respondent violated the CBA when
it failed to submit to an audit and remit all required
contributions to the Funds. Id. ¶¶ 24-25. The arbitrator ordered
the respondent to make available its books and records for an
audit within thirty days and to pay the Funds the sum of
$1,004,342.24. Pet. ¶ 25; see also Pet., Ex. I, ECF No. 1-9 (the
"Award"), at 2-3. The Award comprised principal contributions of
$809,409.09, interest of $30,151.33, liquidated damages of
$161,881.82, court costs of $400, attorney's fees of $1,500, and
an arbitrator's fee of $1,000, with interest to continue at 5.5%
on the unpaid principal through the date of payment. Id.

As of the date of the Petition, the respondent had not paid
any portion of the Award. Pet. ¶ 27.

**II.**

Section 301 of the LMRA grants federal courts jurisdiction
over petitions brought to confirm labor arbitration awards.
Local 802, Associated Musicians of Greater N.Y. v. Parker
Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme
Court has explained that district courts "are not authorized to
reconsider the merits of an award even though the parties may
allege that the award rests on errors of fact or on
misinterpretation of the contract." United Paperworkers Int'l
Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l

Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016).[1] Instead, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Int'l Brotherhood of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 713 (2d Cir. 1998) (quoting Misco, 484 U.S. at 38). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. U.S. Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

The respondent has failed to respond to the Petition, and it is unopposed. However, the Court must do more than simply issue a default judgment in favor of the Petitioners. The Court of Appeals for the Second Circuit has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record . . . [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

### III.

In this case, the arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). The arbitrator found that "uncontroverted testimony and evidence . . . established that the [respondent] was bound to a CBA with" the Union and that the respondent failed to make its books and records available to the Union to perform an audit. Award at 2. The arbitrator determined that the respondent was liable for a total of $1,004,342.24,

7

consisting of principal contributions of $809,409.09, interest
of $30,151.33, liquidated damages of $161,881.82, court costs of
$400, attorney's fees of $1,500, and the arbitrator's fee of
$1,000. Id. at 2-3; Pet. ¶ 25. Based on the limited review that
is appropriate of an unopposed petition to confirm an
arbitration award, there is no genuine dispute of material fact
and the arbitrator's award should be confirmed.

**IV.**

The Petitioners also seek judgment to recover (i)
attorney's fees totaling $660 and court costs for service fees
totaling $77, arising out of this petition, and (ii) post-
judgment interest at the statutory rate.

Courts in this district "have routinely awarded attorneys
fees in cases where a party merely refuses to abide by an
arbitrator's award without challenging or seeking to vacate it
through a motion to the court." Trustees of N.Y.C. Dist. Council
of Carpenters Pension Fund v. All Workroom Corp., No. 13-cv-
5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). Moreover,
the attorney's fees sought by the Petitioners are also
recoverable under the CBA. In relevant part, the CBA provides
that:

> In the event that formal proceedings are instituted
> before a court of competent jurisdiction . . . to
> collect delinquent contributions . . . and if such
> court renders a judgment in favor of [the Funds], the

8

> Employer shall pay to [the Funds] . . . reasonable
> attorney's fees and costs of the action.

CBA at Art. XVII, § 6(4).

The attorney's fees sought in this case are thoroughly reasonable. In support of the Petitioners' claim for attorney's fees, the Petitioners' counsel submitted an invoice listing the tasks completed, the hourly billing rates, and the total hours billed. Pet., Ex. K, ECF No. 1-11. The Petitioners seek $660 in attorney's fees for 2.4 hours of work, for which the Petitioners' counsel billed the services of an associate attorney at a rate of $275 per hour. Id.; see also Pet. ¶¶ 34, 37. The rates billed and time expended on this action by the Petitioners' counsel are reasonable. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. RSG Constr. Corp., No. 22-cv-2072, 2022 WL 4088037, at *3 (S.D.N.Y. Sept. 6, 2022) (approving attorney's fees that billed a partner attorney at $350 per hour and an associate attorney at $275 per hour); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018 WL 324267, at *3 (S.D.N.Y. Jan. 5, 2018) (approving attorney's fees that billed Of Counsel attorneys at $300 per hour and an associate attorney at $225 per hour); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015)

(approving attorney's fees that billed associates at $225 per hour). Because the rates billed and time expended on this action by the Petitioners' counsel are reasonable, the Court grants the Petitioners' request for $660 in attorney's fees.

Court costs for service fees are routinely permitted. See N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Construction Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court grants the total requested court costs of $77.

The Petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a))).

## CONCLUSION

The petition to enforce the arbitration award dated April 8, 2022 is **granted.** The Clerk is directed to enter the attached judgment. The Clerk is further directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:    New York, New York
               September 27, 2022

John G. Koeltl
United States District Judge